[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14283

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

*versus*

TYREE ARVELL MONROE,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:14-cr-00007-TFM-N-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Tyree Monroe appeals his sentence of five months' imprisonment, imposed upon the district court's second revocation of his supervised release, under 18 U.S.C. § 3583(e). He argues that the sentence was both procedurally and substantively unreasonable. After careful consideration, we affirm.

## I.    BACKGROUND

In 2014, Monroe pleaded guilty to stealing eleven firearms from a person licensed to engage in the business of dealing in firearms, a violation of 18 U.S.C. § 922(u). His plea arose out of his participation, alongside three other individuals, in an armed robbery of a Quick Pawn store in Mobile, Alabama. The district court imposed a sentence of seventy months' imprisonment and three years of supervised release. As a special condition of release, Monroe was required to participate in a testing and treatment program for drug and alcohol abuse. He was also required to refrain from excessive use of alcohol and forbidden from purchasing, possessing, using, distributing, or administering any controlled substances.

Monroe began his term of supervised release on August 6, 2019. Over the next several months, he tested positive for amphetamines and marijuana two times, once in October 2019 and again in January 2020. After each failed test, the probation office

recommended that Monroe participate in individual counseling and continue in the drug testing program. The district court concurred. On August 4, Monroe tested positive for cocaine, and on August 12 he tested positive again for cocaine and methamphetamine. When confronted, Monroe admitted to his probation officer that he had been using cocaine and other illegal substances over the past two weeks. Despite his positive tests, the probation office continued to recommend that Monroe proceed with supervision, counseling, and drug testing, although he was warned that continued noncompliance could result in revocation. On November 23, the probation office, with Monroe's consent, petitioned to again modify his conditions of supervision to include weekly mental health sessions. The petition noted Monroe's failure to attend substance abuse treatment, failure to report for his most recent drug test, complete unavailability for more than a week, and admission to using Ecstasy while he was unavailable. Monroe continued to test positive for illegal substances and failed to attend counseling sessions, and on December 7, the probation office recommended revocation of his supervised release. As Monroe had admitted to violating his conditions of release, the district court revoked release and sentenced him to one month of imprisonment followed by thirty-one months of supervised release.

Monroe's new term of release, which began on January 15, 2021, included the same special conditions as before. On August 17, the probation office requested another modification: that Monroe be required to spend six months at a Residential Re-Entry Center,

explaining that he had failed to report for a scheduled drug test and had once again been unavailable for more than a week. As Monroe had signed a waiver of hearing and agreed to the condition, the district court again modified the terms of his supervised release. Monroe began his stay at the Center on September 9, but was discharged a month later for violating sign in/sign out procedures that he had agreed to obey upon admission. The probation office again recommended revocation, this time suggesting a new sentence of eight months of imprisonment to be followed by twenty-four months of supervised release. The guidelines called for a term of imprisonment between five and eleven months.

On December 2, Monroe signed another waiver of hearing and admitted that he had violated the Center's policy. He admitted the violation again at his sentencing hearing. The district court found that Monroe had violated the terms of his supervised release and sentenced him to five months' imprisonment followed by twenty-seven months supervised release, incorporating all previous conditions. In doing so, the court stated that it had "considered the Chapter 7 provisions and [found] that they [were] appropriate in this matter." Monroe did not initially object to the sentence, but later timely appealed.

## II.    DISCUSSION

Upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a prison term. 18 U.S.C. § 3583(e)(3). When

imposing such a sentence, the court must consider certain of the factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). Specifically, it must consider "[S]ection[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," which include the nature and circumstances of the crime and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed correctional treatment in the most effective manner; and the applicable guideline range and any pertinent policy statements issued by the Sentencing Commission. *Id.* Because Monroe waived his revocation hearing and admitted the violations alleged by the probation office, we decline to review the district court's revocation decision. *United States v. Campbell*, 26 F.4th 860, 872–873 (11th Cir. 2022) (en banc). On appeal, we review a sentence imposed upon the revocation of supervised release for reasonableness, both procedural and substantive. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

### A.     *Monroe's Sentence was Procedurally Reasonable*

Monroe first argues that his sentence was procedurally unreasonable under *Tapia v. United States*, 564 U.S. 319 (2011). We disagree.

When analyzing procedural reasonableness, we normally consider legal issues *de novo* and review factual findings for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). But because Monroe did not object, we review only for plain

error. *Vandergrift*, 754 F.3d at 1307. To prevail on plain error review, Monroe must show that the district court erred, that the court's error was plain, and that the error affected his substantial rights. *Id.*

In *Tapia*, the Supreme Court held that a sentencing court may not impose or lengthen a federal defendant's prison term to promote the defendant's rehabilitation. 564 U.S. at 321. In *Vandergrift*, we applied *Tapia's* holding to a resentencing upon revocation of supervised release. 754 F.3d at 1309. We also declined to limit *Tapia* to situations where a sentencing court "either 1) specifically tailors the length of a defendant's sentence to permit completion of a rehabilitation program or 2) makes rehabilitation the 'dominant' factor in the sentencing court's calculus." *Id.* at 1310. Instead, we held that "a district court errs when it *considers* rehabilitation when imposing or lengthening a sentence of imprisonment." *Id.* (emphasis in original).

Here, the district court never mentioned rehabilitation or stated that it considered rehabilitation in imposing Monroe's sentence. Nevertheless, Monroe contends that the court erred by not affirmatively stating that it did not consider rehabilitation. But neither *Tapia* nor *Vandergrift* imposes such an affirmative duty on sentencing courts. And even assuming *arguendo* that the district court's consideration of "the [Section] 3553(a)(2) provisions in whole" was an error under *Tapia*, that error was certainly not plain, as it must be for Monroe to prevail in the absence of a contemporaneous objection. *Vandergrift*, 754 F.3d at 1307.

### B.     *Monroe's Sentence was Also Substantively Reasonable*

To the extent that Monroe argues that his sentence was substantively unreasonable, that claim also fails.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Under this standard, we will affirm any sentence that falls within the range of reasonable sentences, even if we would have decided that a different one was more appropriate. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). Thus, Monroe bears the heavy burden of establishing that his sentence was unreasonable based on the facts of the case and the Section 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

A court abuses its discretion by imposing a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Irey*, 612 F.3d at 1189 (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)). A district court's "unjustified reliance" on any one factor may also suggest error. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). But a court may nonetheless lawfully "attach great weight to one factor over others." *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). And a sentencing court need not state on the record that it explicitly considered each factor

or discuss them all individually, so long as the record reflects that the court considered the party's arguments and the sentencing factors. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).

Monroe first argues that the district court ignored available alternatives to imprisonment. But the court specifically stated that it considered "the Chapter 7 provisions," which include those substitute options. *See* U.S.S.G. § 7B1.3(c)(1)(B). He also concedes that the court's "blanket" consideration of the Chapter 7 provisions meant that it considered Section 3553(a)(2). Although the district court did not specify which factors it considered, it was not required to do so. *Dorman*, 488 F.3d at 938.

To the extent that Monroe argues that his sentence was greater than necessary, we also disagree. He repeatedly violated the terms of his supervision, and his previous revocation and one-month sentence had not deterred him from continued violations. The district court's five-month sentence was also at the bottom of the guideline range, which is an indication of its substantive reasonableness. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Thus, the sentence was substantively reasonable because it was sufficient, but not greater than necessary, given the totality of the circumstances. 18 U.S.C. § 3553(a); *see Gall*, 552 U.S. at 51.

## III.    CONCLUSION

For the foregoing reasons, Monroe's sentence is **AFFIRMED**.